UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUNCAN MARC SMITH,

Plaintiff,

v.

LINK SNACKS, INC., et al.,

Defendants.

No. 2:25–cv–02714-DC-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court are Plaintiff's two motions for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF Nos. 2 & 4. Plaintiff avers in both motions that he is unable to pay the costs of these proceedings. The motions to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

**I. Motions to Proceed IFP**

A motion to proceed IFP must make a sufficient showing for the Court to make a determination. As the Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir.

2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted).

The original motion for IFP (ECF No. 2) appears to have answered every question with zero. Plaintiff lists his income as zero, and lists all his expenses as zero. Plaintiff lists the Defendant in this action as an entity owing him money, but lists the amount as zero. ECF No. 2 at 3. Plaintiff may have listed this amount as zero because no amount is currently owed, but it also raises the possibility that every item on the form was just left as zero. Plaintiff also states that he is currently unemployed and "living with family and friends." ECF No. 2 at 5.

Plaintiff's second motion for IFP, which he filed while the first was still pending, provides no additional information. ECF No. 4. However, it can be viewed as confirming the information in the first motion. Again, each question is answered with zero or none. Plaintiff again indicates that he has no income, no assets, no expenses, and no financial obligations. ECF No. 4. The Court will grant the motions to proceed IFP.

## II. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The First Amended Complaint

Plaintiff has filed a complaint (ECF No. 1) and First Amended Complaint ("FAC") (ECF No. 3). Plaintiff is allowed to amend once as a matter of course under Federal Rule of Civil Procedure 15(a), and the FAC is now the operative complaint. The Court will screen the FAC

pursuant to 28 U.S.C. § 1915. Plaintiff states that he brings the FAC "for injuries caused by the ingestion of an oxygen-absorber packet contained within a consumer bag of beef jerky." ECF No. 3 at 2. Plaintiff contends the beef jerky was manufactured and sold in a "manner that was unreasonably dangerous and inadequately warned against foreseeable ingestion." *Id.* at 3.

Plaintiff names as Defendants: 1) Link Snacks, Inc. ("Link"), the alleged manufacturer of the beef jerky; 2) Mitsubishi Gas Chemical America, Inc. ("Mitsubishi"), the alleged supplier/distributor of the oxygen absorber packet; 3) two Doe retailer defendants; and 4) Does 1-20, who are unidentified "persons and/or entities." *Id.* at 4-7. Plaintiff alleges jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

Plaintiff claims that on October 3, 2023, he was on a camping trip near Sacramento, and that while setting up camp around 9:00 p.m., he was offered a bag of beef jerky by his brother-in-law, "who stated he could not eat it and handed it to Plaintiff." ECF No. 3 at ¶ 11. Plaintiff alleges he did not know a "do not eat" oxygen-absorber packet (hereafter "Packet") was present in the bag. Plaintiff alleges the jerky was sold by an unnamed retailer in Orangevale, and that it is one of two retailers located on the same block. *Id.* at ¶13.

Plaintiff alleges that after eating the jerky, he "developed progressively worsening gastrointestinal symptoms over the following days, including severe abdominal pain, bloating, inability to pass stool, profuse sweating, and sharp pain[.]" *Id*. at ¶ 14. Plaintiff sought emergency medical attention on October 9 or 10, and underwent surgery. *Id*. at ¶¶ 15-16. Plaintiff "was informed the condition was a serious gastrointestinal emergency consistent with ingestion/obstruction caused by a foreign object." *Id*. at ¶ 16. Plaintiff alleges there is a "foreseeable risk that consumers may accidentally ingest small packets contained within food packaging" and that such risk "required reasonable safeguards, adequate warnings, and packing designs that prevent ingestion." *Id*. at 19.

Plaintiff alleges four causes of action: 1) strict product liability (design defect); 2) strict product liability (failure to warn); 3) negligence; and 4) breach of the implied warranty of merchantability. Plaintiff seeks $19 million in damages plus punitive damages. ECF No. 3 at 13. Plaintiff also attaches to his FAC a declaration and some medical records. Some of the attached

records reflect that a "foreign body" food preservation packet was surgically removed, and that the Packet displayed the following inscription: "PACKET ENCLOSED TO KEEP PRODUCT FRESH. DO NOT EAT PACKET. CONTAINS IRON." ECF No. 3 at 21-22.

C. Analysis

Plaintiff brings negligence and strict liability claims based on the allegation that he ingested the Packet in the beef jerky package that was marked "do not eat." Perhaps surprisingly given the litigious nature of our society, the undersigned could find no product liability cases—whether in state or federal court—based on ingestion of an oxygen or silica packet in a food product.

As to Plaintiff's jurisdictional allegations, Plaintiff alleges there are two Doe retailer defendants who are located in Orangevale, California. ECF No. 3 at ¶¶ 6-7 & 13. Plaintiff also lists "Does 1-20" without providing any additional information as to their identity. *Id*. at ¶ 8. As these Defendants are not named, their citizenship is unclear. Diversity jurisdiction requires complete diversity. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). The use of Doe defendants at this time does not destroy diversity. *See Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp*., 147 F.Supp.3d 1029, 1035 (E.D. Cal. 2015) ("Plaintiffs' use of fictional defendants does not destroy diversity and does not divest the district court of jurisdiction"). However, should Plaintiff subsequently name any Doe defendant, that addition could alter the jurisdictional analysis. *Id*. at 1036 ("Should Plaintiffs amend the Complaint to in any way identify Does 1 through 50, Rule 12(h)(3) provides that a court may raise, sua sponte, the question of subject matter jurisdiction at any point in the litigation prior to final judgment."). If Plaintiff has identified any of the Doe defendants and wishes to pursue a claim against them in this proceeding, Plaintiff should identify any newly named defendant and plead the citizenship of that defendant in the second amended complaint.

The Court now proceeds to address whether Plaintiff has pled sufficient factual matter to state a claim to relief that is plausible. Count I asserts strict products liability for a design defect. Plaintiff alleges the jerky and packet and/or packaging was defectively designed in that it

permitted foreseeable ingestion of the packet by an ordinary consumer using the product in a reasonably foreseeable manner. ECF No. 3 at ¶ 21. Under California law, "[a] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal.3d 987, 994 (1991) (citation and quotation omitted). However, strict liability is not "absolute liability" and the manufacturer does not "become the insurer of the safety of the product's use." *Id*. "Strict liability has been invoked for three types of defects—manufacturing defects, design defects, and 'warning defects,' i.e., inadequate warnings or failures to warn." *Id*. at 995.

Plaintiff's design defect claim is somewhat conclusory. Plaintiff's theory appears to be that the Packet should not have been in the package with the beef jerky. "A plaintiff may prove a design defect under *either* of two alternative tests—the consumer expectations test or the risk-benefit test." *Demara v. The Raymond Corp.*, 13 Cal. App. 5th 545, 553 (2017). The consumer expectations test is used when "the product is one within the common experience of ordinary consumers." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*, 754 F. Supp. 2d 1208, 1220 (C.D. Cal. 2010) (quotation omitted). "To meet the strictures of *Twombly* and *Iqbal,* Plaintiffs should identify which design defect theory is being utilized and allege facts to support that theory." *Id*. "For example, under the consumer expectations test, plaintiff should *describe how* the [product] failed to meet the minimum safety expectations of an ordinary consumer of that product." *Id*. (quotation and citation omitted). "Similarly, under the risk-benefit test, a plaintiff should allege that the risks of the design outweigh the benefits, and then explain how the particular design of the [product] caused [plaintiff] harm." *Id*. (quotation and citation omitted). "A bare allegation that the product suffered from a 'design defect' is an insufficient legal conclusion under *Twombly* and *Iqbal*." *Id.* (cleaned up). The Court finds that Plaintiff's allegations of defective design do not meet the *Twombly/Iqbal* pleading standard.

Count II alleges strict liability for failure to warn/inadequate warnings. Plaintiff contends that Defendants knew or should have known that risks of putting the Packet inside the beef jerky

package and that "existing warnings and placement were insufficient to prevent injury." ECF No. 3 at ¶ 24. "A plaintiff asserting causes of action based on a failure to warn must prove not only that no warning was provided or the warning was inadequate, but also that the inadequacy or absence of the warning caused the plaintiff's injury." *Bueno v. Merck & Co.*, 746 F. Supp. 3d 853, 870 (S.D. Cal. 2024), citing *Himes v. Somatics, LLC*, 29 F.4th 1125, 1126 (9th Cir. 2022). Case law recognizes that "merely stating that the Defendants failed to 'adequately warn' of [the alleged injury] is a bare legal conclusion and would be insufficient to state a cognizable failure to warn claim[.]" *Oregon v. Bos. Sci. Corp.*, No. 121CV01092DADBAK, 2022 WL 1607960, at *4 (E.D. Cal. May 20, 2022) (cleaned up). Plaintiff's factual allegations are that there was a warning and that the Packet stated "do not eat." Plaintiff has not alleged, other than in a conclusory manner, why this warning was inadequate. "A plausible claim for a failure to warn should include allegations that *inter alia* identify which danger was not warned against, explain that the danger was substantial, and that the danger was known or reasonably knowable, or explain how any warning that was given was inadequate." *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1160–61 (E.D. Cal. 2019). Plaintiff alleges only the conclusion that, "Defendants failed to provide adequate warnings" and does not explain how the warning was inadequate. *See also Altman v. HO Sports Co.*, 821 F.Supp.2d 1178, 1188 (E.D. Cal. 2011) ("Generally, when a warning is given, but the person to whom the warning is directed does not read the warning, there is no causation.")

In Count III, Plaintiff alleges negligence. "To state a cognizable claim for negligence under California law, plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *See Cisco Systems, Inc. v. STMicroelectronics*, 77 F.Supp.3d 887, 895 (N.D. Cal. 2014). Plaintiff alleges that Defendants owed him a duty to exercise reasonable care in the design, manufacture, distribution, and selling of the beef jerky. ECF No. 3 at ¶ 27. Plaintiff alleges this duty was breached by failing to implement reasonable safeguards to prevent ingestion and failing to provide adequate warnings. *Id*. at ¶ 28. Plaintiff alleges this negligence caused him injury. Similar to Counts I and II, Plaintiff again largely pleads only the elements of the claim without sufficient factual content. Plaintiff has not sufficiently alleged how Defendants

breached their duty and how that breach caused Plaintiff's injury. *See Marroquin*, 367 F.Supp.3d at 1164 (E.D. Cal. 2019) ("If a design defect is at issue, [plaintiff] must identify what aspect of [the product] makes it defective. Without factual allegations that identify a product defect, and allege that the defect resulted from Defendants' negligence, no plausible claim is stated.").

In Count IV, Plaintiff alleges breach of the implied warranty of merchantability, citing California Commercial Code § 2314. That statute generally states that a contract for sale contains an implied warranty that the goods are merchantable. The statute's subsections give various examples of merchantability, such as "fit for the ordinary purposes," "are of fair average quality within the description," and are "adequately contained, packaged, and labeled." Plaintiff alleges the beef jerky was not merchantable "because it was not fit for the ordinary puprose for which such goods are used and was unsafe due to the presence/ingestability of the oxygen-absorber packet." ECF No. 3 at ¶ 31. Under § 2314, "a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008). Generally "an end consumer … who buys from a retailer is not in privity with a manufacturer." *Id.* However, the Ninth Circuit recognized there are some exceptions to this rule, including foodstuffs, and cited to *Burr v. Sherwin Williams Co*., 42 Cal.2d 682, 695 (1954) ("an exception to the privity requirement of privity has been made in cases involving foodstuffs, where it is held that an implied warranty of fitness for human consumption runs from the manufacturer to the ultimate consumer regardless of privity of contract.").

Plaintiff alleges that the beef jerky was "not merchantable because it was not fit for the ordinary purpose for which such goods are used and was unsafe due to the presence/ingestibility [sic] of the oxygen-absorber packet." ECF No. 3 at ¶ 31. This allegation does not strike the Court as plausible given that such packets are commonly used in products like beef jerky for food preservation.[1] *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its

[1] As described in other litigation, oxygen packets are "packets of chemicals that react with moisture to absorb oxygen when placed inside food containers. By removing oxygen from the atmosphere inside the container, these packets ensure that food remains fresh for an extended period of time." *Pactiv, LLC v. Multisorb Tech., Inc*., 63 F.Supp3d 832, 835 (N.D. Ill. 2014).

judicial experience and common sense.”).

Plaintiff has largely pled the labels and conclusions which are insufficient under the pleading standard set by *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678 (“Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.”). Accordingly, the Court will direct that Plaintiff submit a second amended complaint (“SAC”) which alleges sufficient factual content to state a claim to relief that is plausible.

**III. AMENDING THE COMPLAINT**

If plaintiff chooses to amend the complaint, the SAC must contain a short and plain statement of Plaintiff's claims. The allegations of the SAC must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited “to a single set of circumstances” where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The SAC must not force the Court or the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was “literally guessing as to what facts support the legal claims being asserted against certain defendants”). The SAC should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants acted collectively.

Also, the SAC must not refer to a prior pleading in order to make plaintiff's pleading complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) (“[n]ormally, an amended complaint supersedes the original complaint”) (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

of each defendant must be sufficiently alleged.

Plaintiff's second amended complaint must address the issues set forth herein. Plaintiff should include the identities of the Doe defendants, if he has learned the identities and wishes to include them in amended complaint. Plaintiff should plead the citizenship of all Defendants in support of his jurisdictional allegations. As to the substantive allegations, Plaintiff must plead sufficient factual content concerning his design defect and failure to warn claims to state a claim to relief that is plausible.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2 & 4) are GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file a second amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: July 12, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE